J-A09017-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PASSPORT REALTY LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PLP X, LP | : | |
| | : | |
| Appellant | : | No. 1134 WDA 2025 |

Appeal from the Order Entered September 3, 2025
In the Court of Common Pleas of Erie County Civil Division at No(s):
2024-10063

BEFORE: NICHOLS, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: July 7, 2026**

PLP X, LP ("PLP") filed a notice of appeal stating it was from both the order granting summary judgment in favor of Passport Realty, LLC ("Passport"), as well as from the subsequent order awarding attorney's fees and costs against it. We find PLP's appeal of the grant of summary judgment untimely and we quash the appeal as to that order. The appeal was timely as to the order awarding attorney's fees, and we vacate that order.

PLP is a real estate developer that owns a mixed residential and commercial development known as Copperleaf in Erie, Pennsylvania. Passport is a realty brokerage firm. PLP and Passport entered into a listing contract (the "Contract") that provided Passport with the exclusive right to sell and/or lease commercial property in the Copperleaf development. The Contract provided that once a lease was executed between PLP and a tenant, PLP would pay

Passport a brokerage fee of 5% of the rent collected from any tenant who entered into a lease during the Contract's term.

In January 2024, Passport filed a complaint against PLP alleging breach of the Contract. Passport alleged it was entitled to the brokerage fees as of the date of the execution of two specific leases because it brokered and prepared both leases.

As the litigation progressed, Passport moved for summary judgment. PLP did not file a response. On May 20, 2025, the trial court issued the following order granting Passport's motion for summary:

> AND NOW, this 20 day of May 2025, it is hereby ORDERED that[,] based on a review of [Passport's] request, the case law, and no timely response from [PLP,] Summary Judgment is GRANTED against PLP X, LP, and in favor of Passport Realty, LLC, in the amount of $48,933.16, plus interest, attorney['s] fees and costs. Within ten (10) days, Passport Realty, LLC shall submit to the Court a schedule of the interest, attorney['s] fees and costs which it believes are due and payable under the terms of its Contract.
>
> **JUDGMENT ENTERED**

Order, 5/20/2025 (the "May 20, 2025 Order"); Docket Entry No. 8.

Nine days later, on May 29, 2025, Passport filed a praecipe for an order on interest, attorney's fees, and costs. The Prothonotary took no action on the praecipe.

A few days after that, on June 3, 2025, PLP filed a motion for reconsideration of the May 20, 2025 Order granting summary judgment. The trial court denied reconsideration on August 11, 2025.

- 2 -

Later, on August 20, 2025, Passport filed an "updated" praecipe for an order on interest, attorney fees, and costs.

Passport then filed a "praecipe for entry of judgment," and on September 3, 2025, the Prothonotary entered a "Judgment Order" in favor of Passport and against PLP in the amount of $167,400.07, which delineated the specific amounts of damages due under the Contract and for interest, attorney's fees, and costs (the "September 3, 2025 Order").

On September 8, 2025, PLP filed a notice of appeal from the August 11, 2025 order denying reconsideration, and from the September 3, 2025 Order.

This Court issued a rule to show cause upon PLP as to why the appeal should not be quashed because it was unclear as to how the order denying reconsideration or the September 3, 2025 Order were appealable. We noted that no appeal was taken from order granting summary judgment.

PLP filed a timely response to the rule to show cause. It conceded that the order denying reconsideration was not an appealable order, but maintained that its appeal from the September 3, 2025 Order was proper and it could obtain review of the May 20, 2025 Order granting summary judgment because it was not a final order. It asserted that the summary judgment order did not resolve all claims because it did not include an award of attorney's fees and costs. In response, Passport argued that the summary judgment order was a final order even if the fees and costs were not expressly determined because a petition for attorney's fees is an ancillary procedure.

- 3 -

This Court discharged the show-cause order, on December 16, 2025, and allowed the appeal to proceed. The discharge order advised that the ruling was not binding as a final determination of the propriety of the appeal and that the issues may be revisited by the merits panel assigned to the appeal.

PLP raises the following issues:

1. Did the trial judge err in awarding Passport summary judgment on its broker's fee claim for the PLP/Camp lease when the record evidence did not prove that the fee was due?

2. Did the trial judge err in awarding Passport attorney's fees and costs when Section 13 of the Listing Contract does not permit Passport to recover fees and costs as damages in a suit between the parties over the payment of a broker's fee?

3. Alternatively, did the trial court err in entering a judgment order awarding Passport attorney's fees and costs when the trial judge's summary judgment order did not set the amounts that were due?

PLP's Br. at 4.

PLP's first issue challenges the grant of summary judgment in favor of Passport. We initially must determine whether the appeal of the grant of summary judgment was timely. An appeal may be taken as of right from any final order of court. Pa.R.A.P. 341(a). A final order is an order that disposes of all claims and all parties. Pa.R.A.P. 341(b). An order granting summary judgment on all claims and for all parties is an immediately appealable, final order. *See Gartland v. Rosenthal*, 850 A.2d 671, 672 n.1 (Pa.Super. 2004). To be timely, an appellant must file an appeal from an order granting summary judgment within 30 days of entry of the order. *See* Pa.R.A.P. 903(a). The

period for filing a timely appeal is not tolled by the filing of a motion for reconsideration unless the motion for reconsideration is filed within 30 days of the order's entry and "the trial court expressly granted reconsideration within thirty days from the original entry of summary judgment." *Haines v. Jones*, 830 A.2d 579, 583–84 (Pa.Super. 2003). This Court is without jurisdiction to review the merits of the issues raised in an untimely appeal. *See Young v. S.B. Conrad, Inc.*, 216 A.3d 267, 271 (Pa.Super. 2019).

Here, the May 20, 2025 Order granting summary judgment was a final order because it disposed of all claims and parties. Therefore, PLP had 30 days after the order was entered to file an appeal, or by June 19, 2025. The notice of appeal was not filed until September 8, 2025.

Although PLP claims that the issue of the determination of the amount of attorney's fees and costs remained outstanding, a request for attorney's fees is "ancillary to the appeal from the judgment on the merits." *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 48 (Pa. 2011). "A petition seeking an award of attorneys' fees as a prevailing party, where authorized by applicable law, is a post-judgment proceeding that does not affect the finality of the order to which it relates[.]" *Lancaster Cnty. Agric. Pres. Bd. v. Fryberger*, 257 A.3d 192, 200 (Pa.Cmwlth. 2021). Therefore, if the request for attorney's fees is timely, "the trial court is empowered to act on it after an appeal was taken." *Samuel-Bassett*, 34 A.3d at 48. Because PLP failed to timely appeal from the final order granting summary judgment, we are without jurisdiction to review the merits of its first claim.

- 5 -

Conversely, we find that PLP's appeal of the court's September 3, 2025 Order specifying the amount of the award of attorney's fees and costs to be timely. "[A]n award of attorneys' fees constitutes a separately appealable order that would be reviewable upon filing of a timely separate notice of appeal, measured from the date the fee award order was entered." Pa.R.A.P. 1701, Official Note. The order specifying the amount of the award of attorney's fees and costs was entered on September 3, 2025. PLP filed its notice of appeal of that order on September 8, 2025. We thus find PLP's challenge to the award of attorney's fees and costs timely and we will proceed to address the merits.

Before awarding a specific amount of attorney's fees, the trial court must consider the reasonableness of the fees. **Sutch v. Roxborough Mem'l Hosp.**, 142 A.3d 38, 70 (Pa.Super. 2016). "In exercising its discretion, the trial court must evaluate the reasonableness of time spent by counsel in relation to the particular case." **Id.** (cleaned up). This Court may reverse the grant of attorney's fees only upon a showing of plain error. **Holz v. Holz**, 850 A.2d 751, 760 (Pa.Super. 2004). "Plain error is found where the decision is based on factual findings with no support in the evidentiary [record] or legal factors other than those that are relevant to such an award." **Id.** (citation omitted, alteration in **Holz**). When reviewing the reasonableness of attorney's fees, we considers the following factors:

> [T]he amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or

> value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

**Sutch**, 142 A.3d at 70 (citation omitted; alteration in **Sutch**).

Here, there is no indication in the record that the court considered the reasonableness of the fees. Rather, the record demonstrates that the Prothonotary ministerially entered the September 3, 2025 Order on the same day PLP filed its praecipe for entry of judgment. Additionally, it is unclear on what basis the trial court awarded fees. The May 20, 2025 Order awarded attorney's fees to Passport "under the terms of its Contract." Order, 5/20/25. However, in its Rule 1925(a) opinion, the court stated that it awarded the fees as sanctions for PLP's failure to file a response to Passport's motion for summary judgment. **See** Rule 1925(a) Opinion, filed on 11/19/25, at 6. Because the record fails to support the award of attorney's fees, we vacate the September 3, 2025 Order.

Appeal from order granting summary judgment quashed; appeal from order awarding attorney's fees vacated. Case remanded. Jurisdiction relinquished.

- 7 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/07/2026